```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
GEORGINA USHER,
                                *
      Plaintiff,
v.                              *      CIVIL NO.: WDQ-05-0076

STATE OF MARYLAND, et al.,      *

      Defendants.               *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION AND ORDER

Georgina Usher has sued the State of Maryland, the Maryland Aviation Administration ("MAA"), the Maryland Department of Transportation, and three of her supervisors, Paul Wiedefeld, Suzette Moore, and Jacqueline Schonowski, for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964[1] ("Title VII") and 42 U.S.C. § 1981, breach of contract, deprivation of due process, and deprivation of equal protection. Pending is the Defendants' motion to dismiss. For the reasons discussed below, the motion to dismiss will be granted in part and denied in part.

BACKGROUND

In September 1997, Usher, an Hispanic-American woman, was hired by MAA as an Assistant Cargo Manager. Compl. at ¶ 8. In 2001, Usher was told that her position was obsolete, and demoted

---

[1] 42 U.S.C. § 2000e (2005).

1

to a procurement position.  *Id.* at ¶ 25.

In February 2004, Usher asked to be transferred to the MAA's Cargo Development Division.  *Id.*  In March 2004, Usher met with Normetha Goodrum, Manager of MAA's Office of Fair Practices, to discuss her transfer request.  *Id.* at ¶ 28.  At the meeting, Usher told Goodrum that her demotion in 2001 was caused by racial animus.  *Id.*  Goodrum allegedly threatened to fire Usher if she spoke with the media about racial discrimination at MAA.  *Id.* at ¶ 29.  Usher's request for a transfer was denied.  *Id.* at ¶ 25.

In March 2004, Usher filed an internal grievance and a charge with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination.  *Id.* at ¶ 51.  Usher alleges that MAA retaliated against her for filing discrimination complaints by reassigning her to warehouse work, giving her an unfair employment evaluation, and falsely accusing her of acting unprofessionally.  *Id.* at ¶ 52.  Usher also alleges that she was denied opportunities for training and overtime.  *Id.* at ¶¶ 30, 32, 42, 46.

In September 2004, Usher filed a charge with the Maryland Commission on Human Relations, alleging that she was denied overtime and training because of her national origin, exposed to a hostile work environment from 2002 to 2004 (when Schonowski

verbally assaulted, threatened, harassed, and disparaged her), and retaliated against for filing an internal grievance. Compl. Ex. 2.

Usher received a Notice of Suit Rights on October 15, 2004, and commenced this suit on January 11, 2005.

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The function of Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the facts that support it. *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Co.*, 609 F.2d 1083, 1086 (4th Cir. 1979). Thus, a complaint may be dismissed as a matter of law only "if it lacks a cognizable legal theory, or it alleges insufficient facts under a cognizable legal theory." *Mates v. N. Am. Vaccine, Inc.*, 53 F. Supp. 2d 814, 822 (D. Md. 1999).

In determining whether to dismiss a complaint, the court must accept the well-pled material allegations as true, viewing the facts and the reasonable inferences drawn therefrom in the

light most favorable to the plaintiff.  *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).  The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## ANALYSIS

A.  Title VII

   1.  Improper Defendants

Supervisors are not liable in their individual capacities for violations of Title VII.  *Luy v. Baltimore Police Dep't*, 326 F. Supp. 2d 682, 688 (D. Md. 2004) (*citing Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180-91 (4th Cir. 1998)).  Accordingly, Counts I - III of the Complaint, which allege discrimination in violation of Title VII, must be dismissed as to individual Defendants Paul Wiedefeld, Suzette Moore, and Jacqueline Schonowski.

   2.  Statute of Limitations

Pursuant to 42 U.S.C. § 2000e-5(e)(1), an individual must file a discrimination charge with the EEOC within 300 days of the occurrence of an alleged unlawful employment practice.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002).  A claim is time barred if not filed within these limits.  *Id.* at 109.  "[D]iscrete discriminatory acts are not actionable if time

barred, even when they are related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act."  *Id.* at 113.

Usher alleges that she was demoted in 2001, but she did not file a discrimination charge until 2004, after her request to be transferred to the Cargo Development Division was denied. Because Usher failed to file a discrimination charge within 300 days of her demotion, her discrimination charge must be dismissed to the extent it claims that she was demoted in violation of Title VII.

3.   Discrimination

To state a claim of discrimination under Title VII, the plaintiff must allege that: (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably.  *Luy*, 326 F. Supp. 2d at 688 (*citing Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998); *Arbabi v. Fred Meyers, Inc.*, 205 F. Supp. 2d 462, 464 (D. Md. 2002)).

Usher has alleged that the Defendants discriminated against her by failing to provide her with training and overtime opportunities, denying her request for a transfer, and giving her an unfair performance evaluation.  The Defendants argue that

5

only ultimate employment decisions such as hiring and firing constitute adverse employment actions; thus Usher's discrimination claims must be dismissed because she has not alleged an ultimate employment decision.

Conduct short of an ultimate employment decision may constitute adverse employment action for purposes of Title VII and 42 U.S.C. § 1981, and Usher's allegations are sufficient to state a claim. *Von Gunten v. State of Md.*, 243 F.3d 858, 865 (4th Cir. 2001); *see also James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 377 (4th Cir. 2004) (poor performance evaluation can constitute adverse employment action); *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649-50 (4th Cir. 2002) (denial of training can constitute adverse employment action); *Harrison v. New York City Admin. for Children's Servs.*, 2003 U.S. Dist. LEXIS 17393, * 12-*13 (S.D.N.Y. 2003) (denial of transfer can constitute adverse employment action); *Bass v. Bd. of County Comm'rs*, 256 F.3d 1095, 1118 (7th Cir. 2001) (denial of overtime opportunities can constitute adverse employment action).[2]

4.   Hostile Work Environment

To state a claim for hostile work environment

---

[2]The same elements are required to state a discrimination claim under 42 U.S.C. § 1981 and Title VII; thus Usher's § 1981 discrimination claim will also survive the motion to dismiss. *See Luy*, 326 F. Supp. 2d at 688.

6

discrimination, the plaintiff must allege: (1) harassment based on race or national origin; (2) the harassment was unwelcome; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create a hostile atmosphere; and (4) there is some basis for imputing liability to the employer. *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998) (*citing Hartsell v. Duplex Prods., Inc.*, 123 F.3d 466, 772 (4th Cir. 1997)).

In determining whether alleged harassment is sufficiently severe or pervasive to bring it within Title VII's scope, a court must examine all of the circumstances, including the frequency of discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. *Scannell v. Bel Air Police Dep't*, 968 F. Supp. 1059, 1063 (D. Md. 1997) (*citing Beardsley v. Webb*, 30 F.3d 524, 529 (4th Cir. 1994)).

Usher has alleged a workplace dispute regarding her reassignment and occasional racial slurs by coworkers. These allegations are not sufficiently severe or pervasive to state a hostile work environment claim. *See Bass v. E.I. DuPont De Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Accordingly, Usher's hostile work environment claim will be dismissed.

5.   Retaliation

To state a claim for retaliation under Title VII, a plaintiff must allege that: (1) she engaged in a protected activity; (2) her employer took an adverse employment action against her; and (3) a causal connection existed between the protected activity and the asserted adverse action.  *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004) (*citing Mackey v. Shalala*, 360 F.3d 463, 469 (4th Cir. 2004)).

Usher claims that she filed an internal grievance and EEOC charges against the Defendants, and shortly thereafter the Defendants engaged in retaliatory harassment by reassigning her to unpleasant working conditions, verbally harassing her, and giving her a false performance evaluation.  The Defendants assert that the retaliation claim must be dismissed because Usher has not sufficiently alleged a causal connection between the protected activity and her employer's adverse employment action.  Knowledge of a protected activity, combined with temporal proximity between the activity and the adverse employment action, is sufficient to state a claim for retaliation.  *Wang v. Metro. Life Ins. Co.*, 334 F. Supp. 2d 853, 869-70 (D. Md. 2004) (*citing Williams v. Cerberonics*, 871 F.2d 452, 457 (4th Cir. 1989)).  As Usher claims that she experienced adverse employment actions shortly after she engaged in

protected activity, and her employer was aware of the protected activity, her retaliation claim will survive the Defendants' motion to dismiss.[3]

    6.   Administrative Exhaustion

The Defendants argue that Usher's remaining claims of Title VII discrimination must be dismissed because she failed to include them in her EEOC charge. A Title VII suit, however, may encompass the "discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge." *EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 365 (4th Cir. 1976). Usher's remaining Title VII claims include: (1) denial of overtime; (2) denial of training; (3) denial of transfer; (4) false employment evaluations; (5) hostile work environment; and (6) retaliation. Usher's EEOC charges alleged that she experienced discrimination because of her race and national origin, hostile work place discrimination, and retaliation. Ex. 1 - 2 to Compl. As a reasonable investigation of the claims asserted in Usher's EEOC charges would encompass the remaining allegations in her Complaint, the remaining charges of Title VII discrimination will survive the Defendants' motion to dismiss.

---

[3] The same elements are required to state a retaliation claim under 42 U.S.C. § 1981 and Title VII; thus Usher's § 1981 retaliation claim will also survive the motion to dismiss. *See Wang*, 334 F. Supp. 2d at 869.

B.   Fourteenth Amendment Due Process and Equal Protection

Usher alleges that the Defendants violated her due process rights under the Fourteenth Amendment by giving her a false employment evaluation in the Spring of 2004, which deprived her of her protected liberty interest in her professional reputation.  To state a claim for deprivation of a protected liberty interest, the plaintiff must allege:

> facts tending to show that [her] superiors made charges against [her] that might seriously damage [her] standing and associations in [her] community or otherwise imposed on [her] a stigma or other disability that foreclosed [her] freedom to take advantage of other employment opportunities; that those charges were made public by [her] employer; and that the charges were false.

*Luy*, 326 F. Supp. at 690 (*quoting Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 n. 5 (4th Cir. 1988)).  Usher has not alleged that her employment evaluation affected her reputation or that its contents were made public by the Defendants.  Accordingly, Usher's Fourteenth Amendment due process claim will be dismissed.

To state a cognizable claim for denial of equal protection, a plaintiff must allege both disparate impact and discriminatory intent.  *Irby v. State Bd. of Elections*, 889 F.2d 1352 (4th Cir. 1989).  Usher alleges that the Defendants used different procedures for evaluating the performance of Caucasian employees and non-Caucasian employees, with the intent to discriminate

against non-Caucasians.  This allegation sufficiently states a claim for racial discrimination in violation of the Equal Protection Clause.  *See Boritz v. Fin. Info. Servs. Agency*, 1995 U.S. Dist. LEXIS 11063, *8 (S.D.N.Y. 1995).

C.   Breach of Contract

The Eleventh Amendment prohibits plaintiffs from bringing suit against nonconsenting states in federal court.  *Clark v. State of Md. Public Safety & Corr. Servs.*, 247 F. Supp. 2d 773, 775 (D. Md. 2003) (*citing Bd. of Trs. Of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)).  State officials and agencies are also immune from suit absent state consent.  *Id.* (*citing Lizzi v. Alexander*, 255 F.3d 128, 136 (4th Cir. 2001)).  Maryland has consented to suit in state court for breach of contract claims, but has not consented to suit in federal court.  *Stern v. Bd. of Regents, Univ. Sys. of Md.*, 380 Md. 691, 720-21 (2004); *Clark*, 247 F. Supp. 2d at 775.  Accordingly, Usher's breach of contract claim will be dismissed.


<u>July 14, 2005    </u>                       <u>        /s/                    </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge