IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION


GEORGINA USHER,
                        *

      Plaintiff,
                        *

v.                         CIVIL NO.: WDQ-05-cv-0076
                        *

STATE OF MARYLAND, et al.,
                        *


      Defendants.           *

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM OPINION AND ORDER

Georgina Usher ("Usher") sued the State of Maryland (the "State"), the Maryland Aviation Administration ("MAA"), the Maryland Department of Transportation ("MDOT"), and three of her supervisors, Paul Wiedefeld, Suzette Moore, and Jacqueline Schonowski (collectively the "individual Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the Equal Protection Clause of the Fourteenth Amendment.[1] Pending are Defendants' motions to dismiss, or in the alternative, for summary judgment,[2] for failure to provide discovery responses in

---

[1] Defendants previously filed a motion to dismiss, which this Court granted in part and denied in part on July 14, 2005. Plaintiff's remaining counts are discrimination and retaliation in violation of Title VII and § 1981 and racial discrimination in violation of the Equal Protection Clause.

[2] Defendants filed a motion to dismiss on November 16, 2005, a supplemental motion to dismiss on November 23, 2005, and a second supplemental motion to dismiss on November 28, 2005. All three motions seek dismissal of Plaintiff's complaint for failure

1

violation of the Federal Rules of Civil Procedure[3] and motion to shorten time to respond.  For the following reasons, Defendants' motion to dismiss will be granted, and their motion to shorten time to respond will be denied.


I.   BACKGROUND

On August 19, 2005, Defendants served two sets of interrogatories and one set of requests for production of documents on Usher.  Mot. at 1.  Usher's responses to the discovery requests were due on September 19, 2005.  *Id*.  Between September 20, 2005 and October 11, 2005, Defendants made good faith efforts to obtain responses from Usher to the discovery requests, but she failed to respond.  *Id*. at 1-2.

On October 12, 2005, Defendants filed a motion to compel discovery.  *Id*. at 2.  On October 13, 2005, this motion was referred to Magistrate Judge Paul W. Grimm for resolution.  On October 17, 2005, Judge Grimm issued an order instructing: (1) Usher to file a response, if any, to Defendants' motion to compel written discovery responses by October 24, 2005; (2) Defendants to file a reply, if any, by October 27, 2005; and (3) setting a hearing for October 28, 2005.  *See* Docket No. 24.

---

to comply with this Court's discovery orders.  The Court will address the motions collectively in this opinion and order.

[3] *See* Fed. R. Civ. P. 37 and 41 (2005).

2

While the Defendants sought written discovery responses, Usher's deposition was scheduled for October 14, 2005.  Mot. at 2. On October 13, 2005 the parties agreed to reschedule the deposition until October 19, 2005 for Usher's documented medical reasons.  *Id*. On October 18, 2005, Usher's attorney, Charles Kwarteng, telephoned Defendants' counsel to inform him that Usher would not appear at her deposition and confirmed the same by letter.  *Id*.  Because of growing concerns about the December 2, 2005 discovery deadline, on October 18, 2005 Defendants filed a motion to compel Usher's deposition.  *Id*.

On October 18, 2005, Judge Grimm issued an order: (1) instructing Usher to file a response to Defendants' motion to compel Plaintiff's deposition by October 24, 2005; (2) requiring Defendants to file a reply by October 27, 2005; and (3) scheduling a hearing on the motion for October 28, 2005.  *See* Docket No. 26.  Usher's attorney, Mr. Kwarteng, did not file a response to the motions to compel and did not attend the motions hearing.  Mot. at 3.

At the October 28, 2005, Judge Grimm held a hearing on the motions to compel and summarized the events leading to the hearing on the motions to compel, including Mr. Kwarteng's failure to comply with the Court's orders.  *See* Transcript of Hearing attached to Mot. to Dismiss as Exhibit A.  Judge Grimm stated in his ruling:

> Obviously, there has been a complete failure by counsel for the Plaintiff not only to respond to the interrogatories and document production request within the 30 days, but also now the complete failure to file a

> response as ordered by The Court and the complete failure
> to participate in this hearing, as well as a complete
> failure to provide an alternative date for the
> Plaintiff's deposition.  So this is clearly a case where
> the motions are meritorious.

Transcript at 14-15.  Judge Grimm granted Defendants' motion to
compel discovery responses under Federal Rule of Civil Procedure
37(b).  *Id*. at 15.  Judge Grimm ordered that Usher serve discovery
responses by the close of business at 4:30 p.m. on November 7,
2005.[4]  *Id*. at 15, 22.  The order required Usher's interrogatory
responses to be fully executed under oath pursuant to Rule 33.  *Id*.
at 15.  The discovery responses were to be "complete and unevasive"
and all objections were waived.  *Id*. at 15-16.

Judge Grimm explained that under Rule 33(b) a party who does
not timely and specifically object to interrogatories waives all
objections unless good cause is shown.  *Id*. at 16; Rule 33(b)(4).
Judge Grimm stated:

> I find that Plaintiff's counsel's complete failure to
> respond to the motions and participate in the telephone
> call establishes that there is no good cause for the
> failure to respond on time and, therefore, all
> objections, to include the attorney/client privilege and
> work product doctrine, are waived by virtue of that rule
> and by his failure to have complied with that.

*Id*. at 16.  Judge Grimm explained that although Rule 34 does not
contain an express provision that objections are waived if not made

---

[4] Judge Grimm initially ordered discovery responses by
November 4, 2005; however, given Mr. Kwarteng's failure to attend
the hearing, Judge Grimm ordered Usher's responses within five
business days of Mr. Kwarteng's receipt of the transcript.  *See*
Transcript at 22.

timely, the commentary to Rules 33 and 34 and recent case law clearly indicate that failure to raise objections to a request for production of documents may constitute waiver. *Id*. at 16-17; *see also Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005)(holding "implicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver of grounds not properly raised, including privilege or work product immunity, unless the court excuses this failure for good cause shown."). Accordingly, Judge Grimm found that Usher had waived any objections to Defendants' request for production of documents. *Id*. at 17.

Judge Grimm granted Defendants' motion to compel Usher's deposition because

> the Defendants made a reasonable effort on behalf of their clients to accommodate the asserted medical condition of the Plaintiff but that the Plaintiff's counsel instead of filing a motion for protective order – first of all, under the discovery guidelines should have coordinated a new date with the Defendants when they – when he called to say that she could not meet the agreed-upon date. He failed to do so. And that failure is such that the Defendants were deprived of an opportunity to try and set a new date.
>     That having been the case, the Plaintiff's belief that the Defendants had not agreed to a reasonable date would have been to file a motion for protective order and seek under Rule 26(c) the assistance of The Court. That didn't happen as well. Instead, this Plaintiff's counsel simply ignored it. And that is, of course, a rather serious violation of his obligations to comply with discovery.

*Id*. at 17-18. Judge Grimm ordered Usher's counsel to contact

Defendants' counsel no later than close of business on November 7, 2005 to negotiate a date for Usher's deposition. *Id*. at 18. Judge Grimm participated in the conference call with counsel and ordered Usher to appear at her deposition on November 10, 2005. *See* Letter Order dated November 1, 2005 at Docket No. 30.

Upon granting Defendants' motions to compel, Judge Grimm stated:

> In addition, I want to make it unambiguously clear that because I have now ordered this discovery take place, that if there is a failure to comply with this order, in addition to any other sanctions that might be awarded, the Plaintiff's failure to comply with this order and all particulars could subject the Plaintiff to the potentially case dispositive motions, including either default judgment or preclusion of the ability to prove claims or to assert claims or offer evidence or object to any affirmative defenses that are identified at Rule 37(b)(2).
>
> So this is a - so the Plaintiff is in a position at this point of great peril if there is a failure to comply with this order.   Obviously, that would have to be established by another motion.
>
> But if I find that this order has not been complied with, then under Rule 37(b), the next step would be to consider whether or not in addition to any monetary or other sanctions that were appropriate, potentially case-ending sanctions such as default judgment or issue preclusion would occur.

Transcript at 20-21. Judge Grimm awarded Defendants attorneys fees and costs after an accounting was submitted. *See* Letter Order dated November 23, 2005 at Docket No. 38. Finally, Judge Grimm ordered Mr. Kwarteng to show cause, by November 7, 2005, why the Court should not refer the matter to the attorney disciplinary committee "as a result of his failure to participate in this hearing, as he

had adequate knowledge of it and as a result of my concluding that there has been an utter disregard for the rules and procedure, [and] the scheduling order of this Court."[5]  Transcript at 24-25.

Usher served responses to Defendants' first set of interrogatories on the State on November 4, 2005.  *See* Responses attached to Mot. to Dismiss at Exhibit B.[6]  Usher served responses to the first set of interrogatories on the individual Defendants and to Defendants' request for production of documents on November 16, 2005.  *See* Interrogatory Responses attached to Supp. Mot. at Exhibit C; Responses to Request for Production of Documents attached to Second Supp. Mot. at Exhibit D.[7]


II.  LEGAL DISCUSSION

A.   Motion to Dismiss

     1.   Standard of Review

       Defendants seek to dismiss Usher's complaint under Federal

---

[5] Mr. Kwarteng responded to Judge Grimm's order to show cause on November 25, 2005.  A hearing was held on December 28, 2005 and the matter has been taken under advisement.

[6] Usher's discovery responses to the State were provided to the Court on January 23, 2006 because Usher's discovery requests to Defendants were mistakenly attached as the Exhibit B filed on November 16, 2005.

[7] The cover letter and certificate of service state that Usher served her responses on November 15, 2005; however, Defendants state that they received the responses via hand delivery on November 16, 2005.  *See* Supp. Mot. at 1. Regardless of the service date, Judge Grimm ordered Usher to serve discovery responses by November 7, 2005.

Rules of Civil Procedure 37 and 41.  Although parties have moved for the sanction of dismissal under Rules 37(b) and 41(b) for failure to comply with a discovery order, Rule 37 is the exclusive source of authority for dismissal on this ground.  *Rogler v. Phillips Building Mental Retardation Program*, 126 F.R.D. 509, 513 (D. Md. 1989), *aff'd*, 898 F.2d 147 (4th Cir. 1990).  The Fourth Circuit has identified four factors to be considered in imposing the sanction of dismissal under Rule 37: "(1) the needs of the discovery party; (2) the nature of the noncompliance; (3) 'how the absence of such evidence [not produced] would impair [the other party's] ability to establish their case;' and (4) whether the non-compliance party's conduct would deprive the other party of a fair trial."  *Aerodyne Systems Engineering, Ltd. v. Heritage International Bank*, 115 F.R.D. 281, 290 (D. Md. 1987)(*quoting Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 505 (4th Cir. 1977); *Snead v. Automation Industries, Inc.*, 102 F.R.D. 823, 829 (D. Md. 1984).

Dismissal with prejudice under Rule 37 is appropriate when a party has engaged in willful or deliberate bad faith default.  *Aerodyne*, 115 F.R.D. at 290.  Deliberateness includes "failure to respond to discovery requests on time, even with extensions, and failure to provide all information after a court order."  *Id.* (*citing Lorin Corp. v. Goto & Co., Ltd.*, 700 F.2d 1202, 1208 (8th Cir. 1983)).

2.   Non-Compliant Discovery Responses

In Judge Grimm's October 28, 2005 hearing on Defendants' motions to compel, he ordered Usher to serve discovery responses, fully executed and under oath, no later than November 7, 2005.  The Court ordered complete and unevasive responses and all objections were deemed waived.  Usher served one set of discovery responses before the November 7, 2005 deadline - the responses to the State's request for interrogatories.  Usher's response to the interrogatory requests from the individual Defendants and the response to Defendants' request for production of documents was extremely overdue, having been served on November 16, 2005.  Usher failed to comply with Judge Grimm's order, because she did not serve complete discovery responses in accordance with the Court's order.

Judge Grimm clearly ordered that Usher's responses must be fully executed and under oath.  "They will not be unexecuted copies."  *See* Transcript at 15.  Yet Usher served unexecuted interrogatory responses on November 4, 2005.  When Usher served the remaining discovery responses on November 16, 2005, Mr. Kwarteng claims that "plaintiff provided required signatures in previously filed responses, and to the extent you never received same, an extra copy is attached."  *See* Supp. Mot. Ex. C.  Mr. Kwarteng attached two undated signature pages.  Usher's November 4, 2005 discovery responses were sent via facsimile to Defendants' counsel around 9:00 p.m., which is evident from the facsimile transmission at the top

of each page sent via facsimile.  However, the signature pages Mr.
Kwarteng produced on November 16, 2005 do not bear any facsimile
transmittal information, and Mr. Kwarteng has not offered any
evidence that the signature pages were sent on November 4, 2005,
(e.g., a facsimile confirmation sheet), other than the bald
assertion that they had been previously sent.

Judge Grimm found that Usher had waived any objections to
Defendants' discovery requests for failure to comply with previous
discovery orders and Mr. Kwarteng's failure to attend the discovery
hearing.  Despite Judge Grimm's order, Usher objected to the State's
interrogatories No. 1, 9, 13, and 16.

The October 28, 2005 discovery order also required Usher to
provide complete and unevasive discovery responses, yet several of
her responses were incomplete and non-responsive.  For example,
Interrogatory No. 5 asks Usher to identify all facts upon which she
relies for the allegation that she performed her work in a
satisfactory manner at all times.  Usher responded, "I performed my
work satisfactorily, even to earn exceeds standards, in some
instances." *See* Mot. Dismiss Ex. B.

Interrogatory No. 12 asks Usher to identify all facts
supporting her allegation that on March 4, 2004, Normetha Goodrum
stated that she would look into Usher's request for a transfer to
the Cargo Division, including when the request was made, to whom,
the identity of any witnesses, and any documents to support her

10

allegation.  *Id.*  Usher responded, "The request was made on March 4, 2004."  *Id.*  Interrogatory No. 17 asks Usher to identify all facts upon which she relies for the allegation that Defendant Schonowski "constantly expressed her annoyance regarding your higher pay based on your race and your father's race."  *Id.*  Usher responded, "At one point I was supervised by Schonowski, who was grade 13, when I was at grade 15."  *Id.*

Contrary to Judge Grimm's order, Usher's responses were not timely, not fully executed, contained objections, and were incomplete.


3.    Sanction of Dismissal is Appropriate under Rule 37(b)

Considering the factors stated in Rule 37(b), the dismissal of Usher's action is appropriate.  The first factor addresses the needs of the discovery party.  In this case, the Defendants were concerned with an impending discovery deadline and the receipt of discovery responses before Usher's deposition.  Defendants were denied the opportunity to prepare for Usher's deposition in the absence of complete and timely discovery responses.

The second factor addresses the nature of the noncompliance. Here, Mr. Kwarteng never responded to Judge Grimm's two orders before the hearing on the motions to compel.  Furthermore, Mr. Kwarteng neither attended the October 28, 2005 hearing nor provided notice that he would not participate.  Judge Grimm explicitly warned

Mr. Kwarteng that he risked case dispositive motions and default judgment if he failed to comply with the Court's order.

The excuse offered by Mr. Kwarteng in his reply was that Usher's illness prevented him from responding to Defendants' discovery requests.   However, Mr. Kwarteng had used this excuse repeatedly, and Judge Grimm noted at the hearing on October 28, 2005 that Usher had no real physical or mental restrictions, other than the inability to lift more than ten pounds.  *See* Transcript at 12.

The third and fourth factors address how the absence of discovery affects Defendants' ability to present their case. Usher's untimely and incomplete discovery impaired Defendants' ability to prepare for and depose Usher and would continue to affect the Defendants if the case were to proceed to trial.

Although dismissal with prejudice is a harsh sanction, Usher and Mr. Kwarteng have been given several opportunities to comply with this Court's discovery orders and each time failed to respond appropriately.   This Court had warned Mr. Kwarteng of the possibility of dismissal of Usher's case for non-compliance with the Court's order.   Attorneys fees and costs had been awarded to Defendants, but Mr. Kwarteng was not deterred from non-compliance. The Fourth Circuit has emphasized the importance of warning a party prior to dismissing its case as a discovery sanction.  *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995)(a party should be warned before dismissal); *Choice Hotels Int'l v.*

*Goodwin and Boone*, 11 F.3d 469, 471 (4th Cir. 1993)(The plaintiff should be made aware of drastic consequence of failing to meet the court's conditions while he has the opportunity to comply and avoid dismissal.); *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998)(courts must precede dismissal with an "explicit and clear" threat that failure to comply could result in dismissal with prejudice).   As the warnings have failed, dismissal of Usher's action is warranted under Rule 37(b).


B.   Motion to Shorten Time

As Defendants' motions to dismiss have been granted, their motion to shorten time is moot.


CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss will be granted, and their motion to shorten time will be denied.


<u>January 24, 2006</u>                        _____/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge

13