```
           IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                               *
GEORGINA USHER,
                               *
     Plaintiff,
                               *
v.                                   CIVIL NO.: WDQ-05-cv-0076
                               *
STATE OF MARYLAND, et al.,
                               *
     Defendants.
                               *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

Memorandum Opinion

Georgina Usher ("Usher") sued the State of Maryland (the "State"), the Maryland Aviation Administration ("MAA"), the Maryland Department of Transportation ("MDOT"), and three of her supervisors, Paul Wiedefeld, Suzette Moore, and Jacqueline Schonowski (collectively the "individual Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the Equal Protection Clause of the Fourteenth Amendment.  On January 24, 2006 the Court granted Defendants' motion to dismiss and awarded attorney's fees and costs.  Pending is Defendants' petition for $5,418.14 in fees and costs.  For the following reasons, the petition will be granted.

I.  Background

In January, 2005, Usher sued her employer, the State, the MAA, the MDOT, and three of her supervisors for discrimination,

1

retaliation and a hostile work environment in violation of Title VII, and deprivation of due process and equal protection in violation of the Fourteenth Amendment.

On August 19, 2005, Defendants served Usher with two sets of interrogatories and one set of requests for production of documents.  Usher however, failed to respond.  On October 12, 2005, Defendants moved to compel a response and on October 17, 2005, Magistrate Judge Grimm ordered Usher to file a response to Defendants' motion to compel by October 24, 2005, and scheduled a hearing on the motion for October 28, 2005.

While the Defendants sought written discovery responses, Usher's deposition was scheduled for October 19, 2005.  On October 18, 2005, however, Usher's attorney, Charles Kwarteng, telephoned Defendants' counsel to inform him that Usher would not appear at her deposition and confirmed the same by letter.  On October 18, 2005, Defendants filed a motion to compel Usher's deposition.  On October 18, 2005, Judge Grimm ordered Usher to file a response to Defendants' motion to compel Plaintiff's deposition and scheduled a hearing on the motion for October 28, 2005.  Mr. Kwarteng, however, failed to file a response to the motions to compel and did not attend the motions hearing.

At the October 28, 2005 hearing, Judge Grimm: 1) ordered Usher to provide discovery responses by November 7, 2005; 2) ordered Usher to appear at her deposition on November 10, 2005;

2

3) awarded Defendants attorneys fees and costs; and 4) ordered Mr. Kwarteng to show cause why the Court should not refer the matter to the attorney disciplinary committee as a result of his failure to participate in the hearing.

Usher's responses, however, were incomplete and she failed to provide a response to the individual Defendants until November 16, 2005. As a result, the Court dismissed Usher's complaint pursuant to Rule 37 and awarded attorney's fees and costs. Defendants have submitted a petition for fees and costs in accordance with Local Rule 109. Usher has not responded.

II. Analysis

In determining the amount of attorney's fees to be awarded pursuant to Rule 37 sanctions, courts multiply the number of reasonable hours expended by a reasonable rate (the lodestar method). *Broccoli v. Echostar Communications Corp.,* 229 F.R.D. 506, 512 (D.Md. 2005).

Defendants have requested $5,418.14 in fees and costs. This total reflects: 1) 18 hours of work by attorney William Lindsey, the Assistant Attorney General of the MAA, at a rate of $37.76 per hour, for a total of $679.68; 2) 32.3 hours of work by Louisa Goldstein, Principal Counsel at the MAA, at a rate of $47.13 per hour, for a total of $1,522.29; 3) research expenses of $197.71; 4) court reporter costs of $2,679.44; 5) Federal Express charges

3

of $261.86; 5) travel charges of $34.00; 6) fax charges of $19.01; and 7) telephone charges of $24.15.

As the fees and costs are reasonable and because Usher has not opposed the petition, the Court will award Defendants $5,418.14 in attorney's fees and costs.


| April 5, 2006 | /s/ |
|---|---|
| Date | William D. Quarles, Jr.<br>United States District Judge |

4